UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE ) <br> REPLACEMENT THERAPY ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> *Steve Holtsclaw v.* ) <br> *Endo Pharmaceuticals, Inc., et al.* ) <br> ) <br> Case No. 1:15-cv-3941 ) | Case No. 1:14-cv-1748 <br> MDL No. 2545 |

## MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

For the reasons set forth herein, Plaintiff moves the Court for an Order striking certain affirmative defenses asserted by Defendants Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.) ("Auxilium"), Endo Pharmaceuticals, Inc. ("Endo"), and GlaxoSmithKline LLC ("GSK"). Specifically, Plaintiff requests that the Court strike Affirmative Defense Nos. 3, 5, 7, 10, 14, 16, 18, 19, 20, and 25 – 31 asserted by all Defendants. Counsel for Plaintiff has conferred with Counsel for Defendants regarding the subject of this Motion and is informed that the Motion will be opposed.[1]

---

[1] Counsel have also conferred regarding Affirmative Defenses Nos. 9, 11, 12, 13, 17, 21, 23 and 24 asserted by all Defendants and Affirmative Defense No. 32 asserted by GSK and Endo. *See* Notice of Affirmative Defenses Pursuant to Case Management Order Nos. 54 and 64, *Holtsclaw* ECF Nos. 17 – 19. Plaintiff's position is that defenses such as these are not proper because they do not raise any new matter that would defeat recovery but instead challenge what Plaintiff may be able to prove. *See, e.g., Senne v. Vill. of Palatine*, 2013 U.S. Dist. LEXIS 1271, at *10 (N.D. Ill. Jan. 4, 2013) (Kennelly, J.). The parties are negotiating a stipulation by which these Affirmative Defenses would be withdrawn and Plaintiff would not later oppose those defenses on grounds that the withdrawal operates as a waiver. Although a written Stipulation has not been finalized at the time of this filing, this Motion does not ask the Court to take any action with regard to Affirmative Defenses Nos. 9, 11, 12, 13, 17, 21, 23 and 24 asserted by all Defendants and Affirmative Defense No. 32 asserted by GSK and Endo.

## I. **Background**

Plaintiff filed his Short Form Complaint and Jury Demand in this action on May 5, 2015. *See Holtsclaw* ECF No. 1. Defendants GSK, Auxilium and Endo each filed their Short Form Answer, Defenses and Jury Demand in this matter on July 16, 2015. *See Holtsclaw* ECF Nos. 6 – 8.

Following a conference with counsel on May 18, 2017, the Court entered Case Management Order No. 54, which requires that "once a case is designated as a bellwether trial case, amended affirmative defenses are to be filed within 21 days that replead, with particularity, any previously-asserted affirmative defenses that the defendant contends, with reasonable care and due diligence, still apply *and* are actually still being asserted in the particular case" *See* Case Management Order No. 54, *In re Testosterone Replacement Therapy Products Liability Litigation*, No. 14 cv 1748 (N.D. Ill. May 18, 2017)*,* ECF No. 1933 (emphasis in original). Case Management Order No. 56, entered on May 23, 2017, required Defendants in any bellwether case that had already been designated, including *Holtsclaw,* to replead affirmative defenses with particularity within twenty-one days from the entry of the Order, or by June 13, 2017. *See* Case Management Order No. 56, *In re Testosterone Replacement Therapy Products Liability Litigation*, No. 14 cv 1748 (N.D. Ill. May 23, 2017), ECF No. 1952.

On June 13, 2017, Defendants Endo, Auxilium and GSK each filed their Notice of Affirmative Defenses Pursuant to Case Management Order Nos. 54 and 56. *See Holtsclaw* ECF Nos. 17 – 19. For the reasons stated herein, Plaintiff respectfully requests that the Court strike Affirmative Defenses Nos. 3, 5, 7, 10, 14, 16, 18, 19, 20, and 25 – 31 asserted by all Defendants.

2

**II.      Legal Standard**

Federal Rule of Civil Procedure 8(c) requires parties to set forth any affirmative defenses in their responsive pleadings. "An affirmative defense generally admits the matters alleged in a complaint but brings up some other reason why the plaintiff has no right to recovery." *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1242 (N.D. Ill. 1991). Affirmative defenses assert that, "even if the allegations of the complaint are true, additional facts excuse the defendant from some or all liability." *Manley v. Boat/U.S. Inc.*, 2016 U.S. Dist. LEXIS 41036, at *16 (N.D. Ill. Mar. 29, 2016). The party raising an affirmative defense has the burden of proof on any affirmative defense it chooses to assert. *Bauer v. J.B. Hunt Transp.*, 150 F.3d 759, 763 (7th Cir. 1998).

Pursuant to Federal Rule of Civil Procedure 12(f), on motion by a party, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."" FED. R. CIV. P. 12(f). A motion to strike under Rule 12(f) is the primary procedure for objecting to an insufficient defense. *Van Schouwen*, 782 F. Supp. at 1245. A motion to strike can be a means of removing "unnecessary clutter" from a case. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. *Id.*, *citing Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). In ruling on a motion to strike an affirmative defense, the Court must determine whether the matter is sufficiently pled pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Bobbitt*, 532 F. Supp. at 737; *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006). The standard for deciding a motion to strike an affirmative defense is therefore "effectively the same as the standard for a

3

motion to dismiss a complaint for failure to state a claim." *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 77929, at *4 (N.D. Ill., June 9, 2014) (Kennelly, J.), *citing Renalds v. S.R.G. Restaurant Grp., Chicago, LLC,* 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000). Affirmative defenses must therefore "make factual allegations sufficient to raise the asserted defenses above the 'speculative level.'" *Id*. at *4 – *5, *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Affirmative defenses that contain mere conclusory assertions without any statement of facts should be stricken.

Affirmative Defenses Nos. 3, 5, 7, 10, 14, 16, 18, 19, 20, and 25 – 31 asserted by all Defendants are "barebones conclusory allegations" that omit any statement of facts and are therefore insufficient.[2] *See Heller Financial*, 883 F.2d at 1295. The Affirmative Defenses that Plaintiff asks the Court to strike are as follows:

3. Plaintiff's claims are barred because the methods, standards and techniques used in formulating TRT products and in issuing warnings and instructions about their use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the TRT products were manufactured.

5. Plaintiff had full knowledge of, accepted, and/or assumed all risks and possible adverse effects related to the use of TRT products. Plaintiff's recovery, therefore, is barred, diminished, reduced, or

---

[2] Additionally, Affirmative Defense No. 32 by Auxilium and Affirmative Defense No. 33 by GSK and Endo, give notice that each Defendant "intends to rely upon other defenses that may become apparent during the course of the litigation and reserves the right to amend this Answer to assert any such defenses." *See* Notices of Affirmative Defenses Pursuant to Case Management Order Nos. 54 and 56, *Holtsclaw* ECF Nos. 17 – 19. Such a reservation of rights is "not a matter properly pleaded as an affirmative defense" as it is unnecessary to explicitly reserve the right to plead additional affirmative defenses. *See Manley v. Boat/U.S. Inc.*, 2016 U.S. Dist. LEXIS 41036, at *17 – 18 (N.D. Ill. Mar. 29, 2016) (*citing Dresser Industries, Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 n.6 (7th Cir.1991).

offset under the principles of assumption of the risk and/or informed consent.

7. The Complaint is subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment k, where, as here, the manufacturer properly warns of the risks of the medication. *See Witherspoon v. Ciba-Geigy Corp.,* 1986 WL 2138 (Term Ct. App. Feb. 12, 1986).

10. The design, manufacture and distribution of TRT products complied with all applicable industry and governmental standards and regulations, and reflected the current state of the art at the time they were designed, manufactured, sold and distributed. Consequently, there can be no liability imposed against [Defendant].

14. To the extent Plaintiff's claims relate to [Defendant's] advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of Tennessee, such claims are barred because the advertisements and labeling with respect to TRT products were not false or misleading, and therefore constitute protected commercial speech under the applicable provisions of the United States and Tennessee Constitutions.

16. In the event that Plaintiff recovers a verdict or judgment against [Defendant], then said verdict or judgment must be reduced by those amounts which have been paid or indemnified or will, with reasonable certainty, be paid or indemnified to Plaintiff, in whole or in part, from any collateral source including insurance, social security, workers compensation or employee benefit programs, for the cost of any medical care, dental care, custodial care, or rehabilitation services, or for any loss of earnings or other economic loss, to the extent such reduction is permitted under Tennessee law in a product liability action.

18. Plaintiff's claims are barred under Sections 2, 4, *et seq.* of the Restatement (Third) of Torts: Product Liability, because TRT products complied with applicable product safety statutes and administrative regulations.

19. Plaintiff's claims are barred by Sections 6(c) and (d) of the Restatement (Third) of Torts: Product Liability. Reasonable physicians knowing of the reasonably foreseeable risks and

5

        therapeutic benefits associated with TRT products would have prescribed and did prescribe TRT products for classes of patients.

20. The conduct of [Defendant], as well as the subject products, conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration. Moreover, the activities of [Defendant] alleged in the Complaint conformed with all state and federal statutes, regulations, FDA guidance and industry standards -- including 21 U.S.C. § 355 and 21 CFR Part 314 -- based upon the state of knowledge existing at the relevant time alleged in the Complaint.

25. Any award of punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of Pennsylvania and/or Tennessee.

26. No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of Pennsylvania and/or Tennessee, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of [Defendant]; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

27. No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of Pennsylvania and/or Tennessee that (1) exceed what is reasonably required to vindicate Pennsylvania's (or Tennessee's) legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside Pennsylvania (or Tennessee), or seek to

punish or deter conduct causing harm outside Pennsylvania (or Tennessee); or (2) would result in multiple punitive damages awards for the same course of conduct.

28. No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of Pennsylvania and/or Tennessee that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct, including Tennessee's cap on punitive damages which limits any such award to the greater of two times the total amount awarded for compensatory damages or $500,000.00. *See* T.C.A. § 29-39-104.

29. No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of Pennsylvania and/or Tennessee because laws regarding the standards for determining liability for punitive damages fail to give [Defendant] prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

30. No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of Pennsylvania and/or Tennessee, insofar because any award of punitive damages is penal in nature without according to [Defendant] the same protections that are accorded to criminal defendants.

31. No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of Pennsylvania and/or Tennessee, insofar as such award results in whole or in part from improper or unfair argument by Plaintiff including without limitation as to [Defendant's] wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

Each of these affirmative defenses states conclusory allegations and fails to allege any facts; therefore, each is insufficient to meet the pleading standard required by Rule 8. *See*, *e.g.*, *Malibu Media, LLC,* 2014 U.S. Dist. LEXIS 77929, at *4 (N.D. Ill., June 9, 2014) (Kennelly, J.),

7

*citing Renalds v. S.R.G. Restaurant Grp., Chicago, LLC,* 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000). In many cases, the affirmative defenses refer to "TRT products" generally and do not specifically address Testim, the TRT product used by Plaintiff Holtsclaw. *See* Aff. Def. Nos. 3, 5, 10, 14, 18, and 19. None of the affirmative defenses addressed by this Motion includes specific facts that demonstrate how the legal doctrines cited apply to this specific case. Instead, they are threadbare assertions of the elements of potential defenses without reference to the facts of the case. *See, e.g., Manley*, 2016 U.S. Dist. LEXIS 41036, at *15 (N.D. Ill. Mar. 29, 2016) (striking defenses that merely identify a legal doctrine that may support a defense without any reference to the facts of the case). Therefore, Plaintiff respectfully requests that each be stricken.

**IV.** **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Affirmative Defenses Nos. 3, 5, 7, 10, 14, 16, 18, 19, 20, and 25 – 31 asserted by each Defendant.

Dated: July 5, 2017          Respectfully submitted,

*/s/ Meghan C. Quinlivan*
Meghan C. Quinlivan
**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
Email: mquinlivan@burgsimpson.com

*Attorney for Steve Holtsclaw*

8

## **CERTIFICATE OF SERVICE**

I, Meghan C. Quinlivan, hereby certify that on the date listed below the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notifications of such filing to all registered attorneys of record.

Dated: July 5, 2017

>  */s/ Meghan C. Quinlivan*
>  Meghan C. Quinlivan