**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE:  TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Steve Holtsclaw v. Endo Pharmaceuticals Inc. et al.*<br>Case No. 1:15-cv-03941 | MDL No. 2545<br>Master Docket Case No. 14-cv-01748<br>Honorable Matthew F. Kennelly |

<u>**AMENDED NOTICE OF AFFIRMATIVE DEFENSES OF AUXILIUM
PHARMACEUTICALS, LLC PURSUANT TO CASE MANAGEMENT ORDER
NOS. 54, 56 AND 65**</u>

Defendant Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.)

("Auxilium"), by and through its attorneys, and in accordance with Case Management Order

Nos. 54, 56 and 65, hereby provides this Amended Notice of Affirmative Defenses.  In addition,

this Amended Notice is subject to, and incorporates by reference, the provisions of the parties'

Revised Stipulation Regarding Certain Affirmative Defenses, dated August 22, 2017, filed in this

action.  (Doc. No. 28)  By alleging the matters set forth below, Auxilium does not allege or

admit that it has the burden of proof and/or the burden of persuasion with respect to any of these

matters.  Auxilium alleges as follows:

1.      Plaintiff's non-economic damages are subject to Tennessee's cap of $750,000.00.

T.C.A. § 29-39-102.

2.      The causes of action alleged in the Complaint are preempted by the federal

statutes and regulations that regulate TRT products.  Granting the relief requested in the

Complaint would impermissibly infringe upon and/or conflict with federal laws, regulations,

FDA guidance and policies -- including 21 U.S.C. § 355 and 21 CFR Part 314 -- in violation of the Supremacy Clause of the United States Constitution (art. VI, cl. 2).

3.     Plaintiff's claims may be barred, in whole or in part, due to the comparative fault of Plaintiff.  *See McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992).  This includes, but is not limited to, Plaintiff's failure to take cholesterol-lowering medication as instructed by his prescribing physician, and by his poorly controlled diabetes, untreated hyperlipidemia, obesity, lack of exercise, sleep apnea and emotional stress.

4.     Plaintiff failed to mitigate damages, if any, despite full knowledge of them.  This includes, but is not limited to, Plaintiff's failure to take cholesterol-lowering medication as instructed by his prescribing physician, and by his poorly controlled diabetes, untreated hyperlipidemia, obesity, lack of exercise, sleep apnea and emotional stress.

5.     The Complaint is subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment k, where, as here, the manufacturer properly warns of the risks of the medication.  *See Witherspoon v. Ciba-Geigy Corp*., 1986 WL 2138 (Tenn Ct. App. Feb. 12, 1986).  Under the framework of comment k, any alleged risks of Testim are unavoidable, the benefits of Testim justify its marketing despite any alleged risks, Testim was and is properly prepared and marketed, and Testim was and is accompanied by proper warnings. Specifically, while Auxilium maintains that Testim is not the cause of Plaintiff's heart attack, there was no reasonable evidence of a causal association between Testim and heart attack and therefore such a risk, if any, was unavoidable at the time of Plaintiff's injury in July 2014. Additionally, Testim's benefit of raising testosterone levels to the normal range in hypogonadal

2

men justifies the continued marketing and use of Testim despite any alleged risk. Auxilium maintains, and Plaintiff does not dispute, that the Testim used by Plaintiff was properly prepared. Moreover, the Testim label has always identified hematocrit/hemoglobin increases in the Adverse Reactions section of the label and recommended testing hematocrit levels to detect polycythemia. When Mr. Holtsclaw was first prescribed Testim on December 10, 2013, Testim was accompanied by a label that included an FDA-approved Warning that stated: "Increases in hematocrit, reflective of increases in red blood cell mass, may require lowering or discontinuation of testosterone. Check hematocrit prior to initiating treatment. It would also be appropriate to re-evaluate the hematocrit 3 to 6 months after starting treatment, and then annually. If hematocrit becomes elevated, stop therapy until hematocrit decreases to an acceptable concentration. An increase in red blood cell mass may increase the risk of thromboembolic events." In December 2013, when Mr. Holtsclaw was prescribed Testim, the FDA-approved Medication Guide also provided pertinent warnings and information related to Mr. Holtsclaw's heart attack including stating that the most common side effects of Testim include increased red blood cell count and increased blood pressure.

6. Although Plaintiff's Short-Form Complaint asserts a claim for "defective manufacturing," it fails to specify the nature of any such defect and Plaintiff's claims are barred, in whole or in part, by the lack of a defect since the subject products were properly prepared in accordance with the applicable standard of care.

7. Notwithstanding the claims and contentions of Plaintiff, Plaintiff received and will in the future receive all or substantially all of the benefit from TRT products that Plaintiff hoped and intended to receive, including increased testosterone levels and energy, and to that

3

extent any damages and/or restitution that Plaintiff might be entitled to recover from Auxilium must be correspondingly reduced.

8.    Plaintiff is not entitled to an award of attorneys' fees (alleged in the Master Complaint and incorporated by reference into the Short-Form Complaint) in the absence of a contract, statute, or law authorizing such fees, and no such basis for attorneys' fees has been alleged by Plaintiff.

9.    To the extent Plaintiff's Short-Form Complaint fails to provide Auxilium with sufficient notice as to the claims or facts alleged by Plaintiff, Auxilium gives notice that it intends to rely upon other defenses that may become apparent during the course of the litigation, and reserves the right to amend this Answer to assert any such defenses.

Dated:  August 31, 2017                          Respectfully Submitted,


                                                 By:  /s/ Andrew K. Solow

                                                 Andrew K. Solow (pro hac vice)
                                                 **ARNOLD & PORTER KAYE SCHOLER
                                                 LLP**
                                                 250 West 55th Street
                                                 New York, NY 10019
                                                 Phone: (212) 836-7740
                                                 Fax: (212) 836-6776
                                                 Email: Andrew.Solow@apks.com

                                                 *Attorney for Auxilium Pharmaceuticals, LLC
                                                 (f/k/a Auxilium Pharmaceuticals, Inc.)*

<u>**CERTIFICATE OF SERVICE**</u>

I, Andrew K. Solow, hereby certify that on August 31, 2017, the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send notification of such filing to all registered attorneys of record.

Dated: August 31, 2017

/s/ Andrew K. Solow
Andrew K. Solow

5