**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:  TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| | )   Case No. 1:14-cv-1748 |
| This Document Relates To: | )   MDL No. 2545 ) |
| | ) |
| *Holtsclaw v. Endo Pharmaceuticals, Inc., et al.* Case No. 1:15-cv-3941 | ) ) |

**DEFENDANTS' STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON STATE LAW GROUNDS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendants Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.) ("Auxilium"), Endo Pharmaceuticals Inc. ("Endo"), and GlaxoSmithKline LLC ("GSK") submit the following statement of facts which are undisputed.

1.     At all relevant times, Plaintiff Steven D. Holtsclaw was a citizen of Tennessee. Holtsclaw Master Short-Form Compl. ¶ 4.

2.     Auxilium is a Delaware corporation with its principal place of business in Chesterbrook, Pennsylvania.  Auxilium's Amended Answer to the Master Long-Form Complaint, Defenses and Jury Demand ("Auxilium's Amended Answer").

3.     Endo is a Delaware corporation with its principal place of business in Malvern, Pennsylvania.  Endo's Answer to the Master Long-Form Complaint, Defenses and Jury Demand ¶ 39.

4.     On or about January 29, 2015, Endo's parent, Endo International plc, completed an acquisition of Auxilium.  Auxilium's Amended Answer ¶ 41.

5.     GSK is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.  GSK's Answer to the Master Long-Form Complaint, Defenses and Jury Demand ("GSK's Answer") ¶ 43.

6.     On or about May 18, 2012, GSK entered into an agreement with Auxilium to co-promote Testim in the United States.  GSK's Answer ¶ 337.

7.     On August 1, 2013, Auxilium and GSK announced the mutual termination of their United States co-promotion of Testim effective the following day.  Auxilium's Amended Answer ¶ 341.

8.      McLaughlin Dep.("Ex. 1") at 34:7–11, 36:23–38:4, 73:22–74:4, 76:4–13; Holtsclaw Dep. ("Ex. 2") at 128:24–129:2, 130:4–8, 131:2–9, 143:9–17, 148:4–8; Ex. 4; Ex. 5 at 63.

9.     Ex. 1 at 112:7–114:12, 128:5–7.

10.    *Id.*

11.    Ex. 2 at 191:10–192:2; Ardehali Dep. ("Ex. 6") at 177:22–178:24.

2

64785763



12.  ████████████████████████████████████████████████

████████████████████████ Ex. 2 at 169:1–20, 179:19–24; Ex. 1 at 40:19–41:13; Ex. 7

at 28; Ex. 8 at 23.

13.  ██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████ Ex. 8 at 23; Ex. 2 at 180:1–3, 180:12–21, 183:10–20,

184:19–185:5; Ex. 1 at 54:2–18.

14.  ██████████████████████████████████████████

██████████████████████████████████████████ Ex. 8 at 24;

Ex. 2 at 183:22–184:1; Ex. 1 at 26:23–28:10,  57:3–11, 108:5–17.

15.  ████████████████████████████████████████ Ex.

2 at 242:10–12.

16.  Prior to that time, Mr. Holtsclaw had never heard of Testim and did not know

anything about testosterone. *Id.* at 180:4–11, 240:20–241:5.  He had not seen any advertising or

promotional material for Testim or any other testosterone product. *Id.* at 29:19–21, 241:17–

242:9.

17.  On July 3, 2014, Mr. Holtsclaw had a heart attack. *Id.* at 196:15–19.

18.  ████████████████████████████████████████ *Id.*

at 228:24–230:1.

19.  ████████████████████████████████████████████

████████████████████████ Ex. 10 at 608; Ex. 11 at 69; Ex. 2 at 233:17–234:1, 261:8–15;

Ex. 1 at 80:12–81:4.

64785763

20. ████████████████████████████████████████ Ex. 2 at 234:23–235:23.

21. ████████████████████████████████████████████

*Id.*

22. ████████████████████████████████████████████

████████████  Ex. 11 at 69; Ex. 2 at 262:16–24.

23. Dr. McLaughlin does not recall any time that a manufacturer's representative gave him any information regarding Testim that he thought was false or inaccurate. Ex. 1 at 105:13–18.

24. Dr. McLaughlin does not recall any time that a manufacturer's representative suggested that he prescribe Testim for some off-label indication. *Id.* at 19–23.

25. Dr. McLaughlin does not recall any time that a manufacturer's representatives told him that Testim was indicated for the treatment of erectile dysfunction, diabetes, opioid addiction, sexual dysfunction, age-related low level testosterone, or to improve lean body mass. *Id.* at 106:10–108:2.

26. Dr. McLaughlin does not recall any Auxilium sales representatives telling him which types of patients he should test to check whether the patient had hypogonadism or that 50 percent of men with diabetes have low testosterone. *Id.* at 133:5–134:12.

27. Dr. McLaughlin was provided the "ADAM" questionnaire, but he does not use it in his practice. *Id.* at 135:5–16.

Dated: September 11, 2017      Respectfully submitted,

                                */s/ Andrew K. Solow*
                                Andrew K. Solow (*pro hac vice*)
                                **ARNOLD & PORTER KAYE SCHOLER LLP**
                                25O West 55th Street

64785763

New York, NY 10019-9710
Phone: (212) 836-7740
Fax: (212) 836-6776
Email: andrew.solow@apks.com

Pamela J. Yates (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Phone: (213) 243-4178
Fax: (213) 243-4199
Email: pamela.yates@apks.com

*Attorneys for Endo Pharmaceuticals Inc.,*
*Auxilium Pharmaceuticals, LLC (f/k/a Auxilium*
*Pharmaceuticals, Inc.), and GlaxoSmithKline*
*LLC*

64785763

**CERTIFICATE OF SERVICE**

I, Andrew K. Solow, certify that on September 11, 2017, I served a true and correct copy of the foregoing Defendants' Statement Pursuant to Local Civil Rule 56.1 in Support of Their Motion for Summary Judgment on State Law Grounds counsel of record by electronic notice through the CM/ECF system of the United States District Court for the Northern District of Illinois.

Dated: September 11, 2017

_Andrew K. Solow_
Andrew K. Solow, (_pro hac vice_)

64785763