# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  TESTOSTERONE REPLACEMENT | ) | |
| THERAPY PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | Case No. 1:14-cv-1748 |
| | ) | MDL No. 2545 |
| This Document Relates To: | ) | |
| | ) | |
| *Holtsclaw v. Auxilium Pharmaceuticals, LLC* | ) | |
| Case No. 1:15-cv-3941 | ) | |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR A BIFURCATED TRIAL

Andrew K. Solow (*pro hac vice*)
James D. Herschlein (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Phone:  (212) 836-7740
Fax:  (212) 836-6776
Email:  andrew.solow@apks.com
Email:  james.herschlein@apks.com

Pamela J. Yates (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Phone:  (213) 243-4178
Fax:  (213) 243-4199
Email:  pamela.yates@apks.com

***Attorneys for Auxilium Pharmaceuticals, LLC***
***(f/k/a Auxilium Pharmaceuticals, Inc.)***

Defendant Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.) ("Auxilium") submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 42(b), to bifurcate the trial of this matter into a liability and compensatory damages phase and, only if necessary, a separate punitive damages phase before the same jury. Trial is set to commence on November 6, 2017. This Court previously granted a motion to bifurcate the issue of punitive damages in a similar case involving product liability claims against a medical device manufacturer. *See Smith v. I-Flow Corp.*, No. 1:09-cv-03908, Notification of Docket Entry (ECF No. 183) (N.D. Ill. June 16, 2011) (Ex. 1) ("Motion to bifurcate issue of punitive damages is granted"). As in *Smith* and as discussed below, the Court should grant Auxilium's motion to bifurcate the issue of punitive damages to avoid prejudice to Auxilium and promote judicial economy.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), the court may, "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." Fed. R. Civ. P. 42(b). The Seventh Circuit has held that the Court may bifurcate proceedings if three criteria are met. First, "the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). Second, the court "must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party." *Id*. Third, "separate trials must not be granted if doing so would violate the Seventh Amendment." *Id*.

Applying those criteria, "[s]eparate trials on liability and relief are . . . the most common application of Rule 42(b)." *Robinson v. Sheriff of Cook Cty.*, 167 F.3d 1155, 1157 (7th Cir.

1999); *see also EEOC v. DHL Express (USA), Inc.*, No. 10 C 6139, 2016 WL 5796890, at *8 (N.D. Ill. Sept. 30, 2016) ("The jury will first be tasked with determining liability and, if appropriate, compensatory damages," and then "the same jury [will] determine whether punitive damages are appropriate."); *Rushing v. Debose*, No. 10 CV 3551, 2011 WL 4585242, at *5 (N.D. Ill. Sept. 30, 2011) ("The case will be presented as to liability and compensatory damages, and if a verdict is returned for Rushing, the parties will go forward immediately thereafter to present any additional evidence and argument on punitive damages.").

As demonstrated below, all three criteria support bifurcation of liability and compensatory damages from punitive damages in this case.

## I.   BIFURCATION WOULD AVOID UNFAIR PREJUDICE TO AUXILIUM AND PROMOTE JUDICIAL ECONOMY

To satisfy the first criterion, the Court need only determine either that bifurcation would avoid unfair prejudice or that it would promote judicial economy. *Houseman*, 171 F.3d at 1121. Here, bifurcation would both avoid prejudice to Auxilium and promote judicial economy.

### A.   Bifurcation Would Avoid Unfair Prejudice to Auxilium

As the Court will instruct the jury in preliminary and final instructions, the purpose of compensatory damages, if liability is found, is to make the Plaintiff whole. Punitive damages, if warranted, serve a different purpose: to punish and deter Auxilium. Bifurcation is appropriate— and necessary—in this case to avoid the danger that the jury will conflate issues bearing on liability and compensation with issues bearing solely on punishment and deterrence. Absent bifurcation, there is a serious risk that the jury may improperly find liability and award compensatory damages on an improper basis. For example, the jury might award damages on the basis that Auxilium can afford to compensate Mr. Holtsclaw, and/or to punish Auxilium if the Court admits, over Auxilium's objection, evidence concerning conduct that has no nexus to

Mr. Holtsclaw or his prescribing physician. In *Smith*, this Court accepted similar arguments made by a medical device manufacturer in granting its motion to bifurcate. *See Smith v. I-Flow Corp.*, No. 1:09-cv-03908, Notification of Docket Entry (ECF No. 183) (Ex. 1) ("Motion to bifurcate issue of punitive damages is granted."); *Smith v. I-Flow Corp.*, No. 09 C 3908, 2011 WL 12627557, at *2 (N.D. Ill. June 15, 2011) (Kennelly, J.) ("The Court will entertain, at an appropriate point during the trial, further argument regarding whether this evidence is relevant and admissible on the issue of punitive damages, an issue the Court assumes it will bifurcate when presented with a request to do so.").

> ### 1. Bifurcation is Necessary to Avoid the Risk That Financial Information, Including Net Worth and Sales, Will Unfairly Prejudice or Mislead the Jury in Determining Liability for and/or the Amount of Compensatory Damages

There is no reason to admit evidence bearing solely on punitive damages—or even to instruct the jury on punitive damages—unless and until the jury has determined that Auxilium is liable for compensatory damages. In determining whether Auxilium is liable and, if so, what amount is necessary to make the Plaintiff whole, the jury should not be permitted to consider Auxilium's financial information, including its sales and net worth. As this Court has observed, it is highly unlikely that "evidence regarding [Defendant's] financial condition is relevant to any issue *other than* punitive damages." *Smith*, 2011 WL 12627557, at *3 (emphasis in original).

Not only is Auxilium's financial status irrelevant to Mr. Holtsclaw's injury claims, it is also highly prejudicial. Such evidence may improperly influence the jury to award Mr. Holtsclaw compensation because the jury may conclude that a corporation like Auxilium, which in comparison to Mr. Holtsclaw has a "deep pocket," can afford to pay. Bifurcation safeguards against that danger. *See Blanco v. Capform, Inc.*, No. 11-23508-Civ., 2013 WL 118171, at *4 (S.D. Fla. Jan. 9, 2013) (bifurcating trial where evidence of defendant's "net worth

may render some jurors more inclined to find [the defendant] liable because, in their perception,

[the defendant] could afford to compensate the Plaintiffs"); *Rotello v. Clayton Homes of Del.,*

*Inc.*, No. 303CV-573, 2006 WL 842931, at *1 (E.D. Tenn. Mar. 28, 2006) (bifurcating trial and

holding that during the first phase, "evidence of incorporated defendants' financial affairs,

financial condition, or net worth shall not be admitted into evidence").

> ### 2. Bifurcation is Necessary to Avoid the Risk of Unfair Prejudice and Jury Confusion From any Admission of Marketing Materials That Plaintiff and His Doctor Did Not See

The Supreme Court has held that "the Constitution's Due Process Clause forbids a State to

use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or

those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially,

strangers to the litigation." *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007). For that

reason, marketing materials that Plaintiff and his doctor did not see should not be admissible to

prove liability or compensatory or punitive damages, and for this reason Auxilium has moved to

exclude such evidence. *See* Defendants' Omnibus Memorandum of Law in Support of Their

Motions *In Limine* to Exclude Evidence Under Federal Rules of Evidence 401, 402, 403, 404,

and 802 (ECF No. 73) at 2–9. In resolving Auxilium's summary judgment and *Daubert* motions,

however, the Court indicated that it will admit such evidence over Auxilium's objection,

although as to certain categories (direct-to-consumer advertising and marketing of other

manufacturers), "the Court will need to strike the appropriate balance between providing the

necessary context for Auxilium's more relevant marketing activities and minimizing the risk of

unfair prejudice." *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14 C 1748,

2017 WL 4772759, at *9 (N.D. Ill. Oct. 23, 2017).

In a pretrial conference prior to the *Konrad* AbbVie bellwether case, the Court recognized

that some of the marketing evidence on which plaintiff intended to rely "pretty clearly wouldn't

be coming in if it were just a compensatory damages case." *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, Teleconference (May 31, 2017) (Ex. 2) at 4. The Court did not address the issue of bifurcation at that time because neither party requested it. *See id.* at 5–6.

Without waiving its objection to the admissibility of such evidence in any phase of the trial, it would severely prejudice Auxilium, if, as the Court hypothesized at the *Konrad* pretrial conference, "a particular item of evidence involving marketing is offered, the objection is made that this isn't tied specifically enough to [Mr. Holtsclaw] or his doctor, and [the Court says] well that's being offered and admitted for the purposes of the punitive damages part of the case." *Id.* at 6. That scenario would create a substantial risk of unfairly tainting the jury's determination of liability and compensatory damages with evidence that bears solely on punitive damages. In the circumstances of this case, "[b]ifurcating the trial will be the most straightforward and efficient solution to avoid prejudice and jury confusion." *EEOC*, 2016 WL 5796890, at *8; *accord Rushing v. Debose*, 2011 WL 4585242, at *4 (ordering bifurcation to avoid "risk . . . that the jury will be confused and distracted, and that defendants will be prejudiced" by admission of evidence bearing solely on punitive damages).

### B. Bifurcation Will Promote Judicial Economy

Bifurcation will expedite and streamline the trial. If the jury returns a verdict for Auxilium or if the Court determines that punitive damages are not properly submitted to the jury after the liability phase has been tried, the need for punitive damages evidence will be obviated. The Court and the jury will therefore be spared any further evidence, argument, or deliberation time relating to an issue that may otherwise never have to be decided.

Additionally, there is no risk of duplication of evidence. To the extent evidence is relevant both to liability and compensatory damages and also to punitive damages, that evidence can be admitted in the first phase of the trial and there would be no need to duplicate it in a

5

subsequent punitive damages phase because the same jury would be empaneled to hear both phases.  Therefore, bifurcation will conserve judicial resources.  *See Vandersteen v. Kelly*, No. 07 C 5632, 2010 WL 659327, at *2 (N.D. Ill. Feb. 23, 2010) ("Bifurcation will not adversely affect judicial economy and efficiency because the compensatory and punitive damages portions of the trial are easily segregable.").

## II.     BIFURCATION WILL NOT PREJUDICE MR. HOLTSCLAW

Bifurcation of punitive damages from liability and compensatory damages will not prejudice Mr. Holtsclaw.  As described above, the issues related to liability can be fairly and comprehensively presented to the jury independently of evidence bearing solely on punitive damages.  Mr. Holtsclaw will be able to present all his admissible evidence related to liability and compensatory damages.  If, after the jury renders its verdict, a punitive damages phase is necessary, Mr. Holtsclaw will be permitted to present all his admissible evidence on punitive damages.  *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) ("[W]e cannot conclude that [plaintiff] was prejudiced by the district court's decision to bifurcate his trial simply because that decision had the result of excluding evidence that was not relevant to the issue presented during the first phase of the trial.").

## III.    BIFURCATION WILL NOT VIOLATE THE SEVENTH AMENDMENT

The Seventh Amendment prohibits splitting proceedings such that a second jury would reexamine factual determinations of a prior jury.  *See Houseman*, 171 F.3d at 1126.  Seventh Amendment concerns are not implicated where, as here, the same jury makes factual determinations in two phases of a single trial.  Because Auxilium proposes that both the compensatory and punitive phases proceed before the same jury, Seventh Amendment concerns raise no impediment to bifurcation.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to bifurcate the trial into a compensatory and, if necessary, a separate punitive damages phase before the same jury.

Dated: November 1, 2017

Respectfully submitted,

/s/ Andrew K. Solow
Andrew K. Solow (*pro hac vice*)
James D. Herschlein (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Phone: (212) 836-7740
Fax: (212) 836-6776
Email: andrew.solow@apks.com
Email: james.herschlein@apks.com

Pamela J. Yates (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Phone: (213) 243-4178
Fax: (213) 243-4199
Email: pamela.yates@apks.com

*Attorneys for Auxilium Pharmaceuticals, LLC*
*(f/k/a Auxilium Pharmaceuticals, Inc.)*

7

## CERTIFICATE OF SERVICE

I, Andrew K. Solow, certify that on November 1, 2017, I served a true and correct copy of the foregoing Defendant's Motion for a Bifurcated Trial on counsel of record by electronic notice through the CM/ECF system of the United States District Court for the Northern District of Illinois.

Dated: November 1, 2017                    */s/ Andrew K. Solow*
                                           Andrew K. Solow (*pro hac vice*)

64856494